UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **VICTOR JOHNSON** | **CIVIL ACTION NO. 12-1727-P** |
| **VERSUS** | **JUDGE WALTER** |
| **N. BURL CAIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Victor Johnson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on June 18, 2012. Plaintiff is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He names N. Burl Cain, Ford E. Stinson, Jr., J. Schuyler Marvin, Judge Stewart, Judge Caraway, Judge Moore, Carmen B. Young, and the United States as defendants.

Plaintiff filed a vague statement of claim in his original and amended complaints. He claims Defendants breached a legal duty owed to him without legal excuse.

Plaintiff claims the United States is responsible for protecting the rights of individuals through the Thirteenth and Fourteenth Amendments of the United States Constitution. He claims he was denied due process when he was held without a hearing or opportunity to be heard. Plaintiff claims that as an African American, he questions the credibility of the federal government's protection. He claims slavery exists in Louisiana and the work of slaves is

forced labor.

Plaintiff claims the Webster Parish Police Jury is liable for damages due to violations of federal law pursuant to an official government policy or custom. He claims the police jury is the governing body of the parish and the parish is therefore responsible for the violations of his constitutional rights.

Plaintiff claims that on January 22, 2009, the trial court denied him his due process rights under La. C.Cr.P. art. 930.8[1] because it did not adhere to La. C.Cr.P. art. 927[2] and

---

[1]Art. 930.8. Time limitations; exceptions; prejudicial delay

A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:

(1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.

(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.

(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.

(4) The person asserting the claim has been sentenced to death.

B. An application for post conviction relief which is timely filed, or which is allowed under an exception to the time limitation as set forth in Paragraph A of this Article, shall be dismissed upon a showing by the state of prejudice to its ability to respond to, negate, or rebut the allegations of the petition caused by events not under the control of the state which have transpired since the date of original conviction, if the court finds, after a hearing limited to that issue, that the state's ability to respond to, negate, or rebut such allegations has been materially prejudiced thereby.

subjected him to slavery. He alleges fraud. He alleges Judge Ford Stinson deviated from prudence. He claims Judge Stinson made the executive decision to bar him under La. C.Cr.P. art. 930.8. He claims Judge Stinson's actions demonstrate that he is biased and resulted in the loss of his liberty and property. He claims Judge Stinson committed malfeasance in office.

Plaintiff claims that on December 9, 2008, District Attorney J. Schuyler Marvin defaulted on the issue. Plaintiff claims that on December 22, 2009, District Attorney Marvin again defaulted on the issue and denied him his due process rights. Plaintiff claims District Attorney Marvin failed to lodge a procedural objection. He claims District Attorney Marvin defaulted with the public funds.

Plaintiff claims that on December 9, 2008, the appellate court had knowledge of the

---

C. At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing. If a written waiver of rights form is used during the acceptance of a guilty plea, the notice required by this Paragraph may be included in the written waiver of rights.

[2] Art. 927. Procedural objections; answer

A. If an application alleges a claim which, if established, would entitle the petitioner to relief, the court shall order the custodian, through the district attorney in the parish in which the defendant was convicted, to file any procedural objections he may have, or an answer on the merits if there are no procedural objections, within a specified period not in excess of thirty days. If procedural objections are timely filed, no answer on the merits of the claim may be ordered until such objections have been considered and rulings thereon have become final.

B. In any order of the court requiring a response by the district attorney pursuant to this Article, the court shall render specific rulings dismissing any claim which, if established as alleged, would not entitle the petitioner to relief, and shall order a response only as to such claim or claims which, if established as alleged, would entitle the petitioner to relief.

C. If the court orders an answer filed, the court need not order production of the petitioner except as provided in Article 930.

correct standard and deviated from the facts. He claims they breached their duty imposed by law. Plaintiff claims that on March 12, 2009, Judge Stewart, Judge Caraway, and Judge Moore committed malfeasance in office. He claims Judge Stewart, Judge Caraway, and Judge Moore should be held accountable for their arbitrary actions.

Plaintiff claims Supreme Court Clerk of Court Carmen B. Young violated his due process rights and subjected him to slavery. He claims that on February 12, 2010 and March 26, 2010, Young typed the judges' names on the judgments and filed the documents without the judges signing them. Plaintiff claims Clerk of Court Carmen B. Young filed and/or maintained false public records

Plaintiff claims that on December 22, 2009, Warden Cain held him in an involuntary servitude and as a slave. He claims Warden Burl Cain remained silent while his due process rights were violated.

Plaintiff seeks to interplead the United States as a defendant, nullify the contract of 930.8, address the Thirteenth Amendment, incorporate African Americans and establish a trust fund in their name, interposition applied to the Dred Scott case, monetary and equity damages, declaratory relief, and any other relief to which he is entitled.

## LAW AND ANALYSIS

**The Judges**

It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978).

Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judges' authority as judicial officers of the court and in the ordinary exercise of their judicial duties. Accordingly, Plaintiff's civil rights claim against Judge Stinson, Judge Stewart, Judge Caraway, and Judge Moore should be dismissed as frivolous.

**The District Attorney**

Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the district attorney, as a quasi-judicial officer of the court and in the ordinary exercise of his quasi-judicial duties. Accordingly, Plaintiff's civil rights claims against District Attorney Schuyler Marvin should be dismissed as frivolous.

**The Clerk of Court**

In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. <u>Id</u>. at 280. In <u>Gates v. Spinks</u>, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." <u>Gates</u>, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. <u>See</u> La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." <u>Watts v. Graves</u>, 720 F.2d 1416, 1417 (5th Cir. 1983). Finally, prescription on the claim is tolled while the administrative remedy procedure is pending. <u>See</u> <u>Harris v. Hegmann</u>, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims his civil rights were violated by Clerk of Court Carmen B. Young on February 12, 2010 and March 26, 2010. Thus, prescription began to run as to these claims in February and March of 2010. The above entitled and numbered complaint was not signed by Plaintiff until June 12, 2012 and it was not filed by the Clerk of Court until June 18, 2012. Plaintiff's claims against Clerk Young are therefore prescribed. Accordingly, Plaintiff's civil

rights claims against Clerk Carmen Young should be dismissed as frivolous.

**The Warden**

Plaintiff claims Warden N. Burl Cain remained silent while his due process rights were violated and held him in an involuntary servitude and as a slave. A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named an individual prison official as a defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so even after amending his complaint. Accordingly, these claims against Warden Cain must be dismissed with prejudice as frivolous and for failure to state a claim on which relief may be granted.

**The United States and Webster Parish**

Plaintiff claims the United States was responsible for protecting his rights when he was denied due process when he was held without a hearing or opportunity to be heard. He claims Webster Parish was responsible for the violation of federal law pursuant to an official government policy or custom.

Plaintiff has failed to allege facts that demonstrate he was denied due process or allege an official government policy or custom that violated federal law. Accordingly, Plaintiff's claims against the United States and Webster Parish should be dismissed with prejudice as frivolous and for failure to state a claim on which relief may be granted.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 18th day of July, 2014.

Mark L. Hornsby
U.S. Magistrate Judge